UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-279-KKC

FRED M. ARROWOOD,                                                    PLAINTIFF,


V.                    **MAGISTRATE JUDGE'S REPORT
                        AND RECOMMENDATION**


JO ANNE B. BARNHART,
Commissioner of Social Security,                                    DEFENDANT.


## I.  INTRODUCTION

Plaintiff, Fred M. Arrowood, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for supplemental security income for the period of January 5, 2000 through October 31, 2000. This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it will be recommended that Plaintiff's motion for summary judgment be granted, Defendant Commissioner's motion for summary judgment be denied, and Judgment be entered reversing the final decision of the Commissioner and remanding this action for further consideration.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance benefits and supplemental security income on September 15, 1996, and September 9, 1998, respectively. (Tr. 84-86, 271-274.) The claims were denied initially and on reconsideration. (Tr. 71-74, 78-80, 278-281, 284-286.) At Plaintiff's request, an administrative hearing, presided by Administrative Law Judge Roger L. Reynolds (hereinafter "ALJ Reynolds"), was conducted on February 17, 1998. (Tr. 36-68.) On August 19, 1998, ALJ Reynolds issued an unfavorable administrative decision (hereinafter "Administrative Decision I"), finding that Plaintiff was not disabled and, therefore, ineligible for disability insurance benefits or supplemental security income. (Tr. 13-26.) The Appeals Council declined to review Administrative Decision I (Tr. 8-10) and Plaintiff sought judicial review in this Court.

On appeal, Defendant Commissioner moved this Court to enter judgment and remand the action to the Agency for further consideration. (Tr. 719.) On August 10, 2001, this Court granted Defendant Commissioner's motion, entered judgment in favor of Plaintiff, and remanded the action for administrative reconsideration pursuant to sentence four of 42 U.S.C. § 405(g), see generally Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174 (6th Cir. 1994). (Tr. 689, 719.) On remand, the Appeals Council vacated Administrative Decision I and remanded the action to ALJ Reynolds for further proceedings consistent with this Court's Order. (Tr. 689-690.)

In the meantime, Plaintiff filed a second application for supplemental security income on November 1, 2000. (Tr. 454-457.) The claim was denied initially and on

2

reconsideration.  (Tr. 439-442, 445-448.)  At Plaintiff's request, Administrative Law Judge Charles J. Arnold (hereinafter "ALJ Arnold"), presided over a second administrative hearing on November 26, 2001.  (Tr. 376.)  On January 22, 2002, ALJ Arnold issued a fully favorable administrative decision finding Plaintiff disabled and eligible for supplemental security income beginning on November 1, 2000 (hereinafter "Administrative Decision II"). (Tr. 376-379.)

On remand of Administrative Decision I, ALJ Reynolds presided over a third administrative hearing on July 1, 2002.  (Tr. 384-417.)  In the course of the hearing, ALJ Reynolds correctly noted that because Administrative Decision II found Plaintiff disabled beginning on November 1, 2000, the relevant period with respect to Plaintiff's first application for disability insurance benefits and supplemental security income was November 6, 1992, the alleged onset date of disability, through October 31, 2000. (Tr. 387.) On August 23, 2002, ALJ Reynolds issued a second unfavorable administrative decision (hereinafter "Administrative Decision III").  (Tr. 360-368.)  ALJ Reynolds found that Plaintiff was not disabled at any time between November 6, 1992, and October 31, 2000, and was, therefore, not entitled to disability insurance benefits or supplemental security income for that relevant period.  (Tr. 366-367.)  On August 4, 2003, the Appeals Council declined to assume jurisdiction over Administrative Decision III (Tr. 288-289) and Plaintiff again sought judicial review in this Court.

On July 30, 2004, this Court affirmed in part, reversed in part, and remanded

3

Administrative Decision III to the Agency for further consideration.  <u>Arrowood v. Barnhart</u>,

7-03cv242-GWU (E.D. Ky. July 30, 2004).  This Court held that while Administrative

Decision III was supported by substantial evidence with regard to the period preceding

January 5, 2000, it was not supported by substantial evidence with regard to the period

following that date.  <u>Id.</u> at 6.  This Court explained that because ALJ Reynolds' hypothetical

question did not incorporate Dr. Rita Ratliff's opinion that Plaintiff was limited in the ability

to bend at the ankles, the vocational expert testimony could not serve as substantial evidence

for ALJ Reynolds' decision finding Plaintiff not disabled.  <u>Id.</u> at 9.  However, as this Court

explained, because Dr. Ratliff's limitation was based on a fracture sustained on January 5,

2000, the omission of the limitation from the hypothetical question did not blemish ALJ

Reynolds' decision with regard to the period preceding January 5, 2000.  <u>Id.</u>  Accordingly,

this Court remanded the action to the Agency for further consideration of Plaintiff's

disability status on and after January 5, 2000.  <u>Id.</u>  On remand, the Appeals Council vacated

Administrative Decision III and remanded the action to Administrative Law Judge Ronald

Kayser (hereinafter "ALJ Kayser") for further proceedings consistent with this Court's

Order..

ALJ Kayser presided over a fourth administrative hearing on April 1, 2005.  (Tr. 824-

839.)  Plaintiff, accompanied by counsel, testified at the hearing.  (<u>Id.</u>)  Also testifying was

vocational expert Dr. Ralph Crystal (hereinafter "VE").  (<u>Id.</u>)  In the course of the hearing,

ALJ Kayser determined, and Plaintiff's counsel agreed, that the relevant period under

4

consideration was January 5, 2000, through October 31, 2000.[1]  (Tr. 826.)

On April 29, 2005, ALJ Kayser issued a third unfavorable administrative decision (hereinafter "Administrative Decision IV").  (Tr. 716-724.)  ALJ Kaiser found that Plaintiff was not disabled at any time from January 1, 2000, through October 31, 2000.  (Id.)  The Appeals Council declined to assume jurisdiction over Administrative Decision IV (Tr. 706-708) and Plaintiff now seeks judicial review.

Plaintiff was forty-four years old at the time of Administrative Decision IV.  Plaintiff completed an eighth grade education and his past relevant work experience consists of employment as a forklift operator and mechanic.  (Tr. 103, 723.)

At the first step of the sequential evaluation process, see generally 20 C.F.R. § 416.920, ALJ Kayser found that Plaintiff had not engaged in substantial gainful activity since November 6, 1992, the alleged onset date of disability.  (Tr. 723.)  At the second step, ALJ Kayser found that Plaintiff's status post right ankle fracture, back and neck pain with a herniated nucleus polposus at L4-L5, cervical degenerative disc disease, depression, anxiety, personality disorder, and chronic sinusitis were severe within the meaning of the Regulations, see 20 C.F.R. §§ 416.920(c), 416.921.  (Tr. 723.)  At the third step, ALJ Kayser

---

[1] The period preceding January 5, 2000, was not relevant because this Court affirmed Administrative Decision III to the extent it found Plaintiff not disabled before that date.  See Arrowood v. Barnhart, 7-03cv242-GWU (E.D. Ky. July 30, 2004).  The period following October 31, 2000, was not relevant because Administrative Decision II found Plaintiff disabled commencing on November 1, 2000.  (See Tr. 376-379.)  Furthermore, because Plaintiff's insured status for purposes of disability insurance benefits, see generally 20 C.F.R. §§ 404.130-404.132, expired on December 31, 1997 (Tr. 738), only Plaintiff's claim for supplemental security income remained under consideration.

found that Plaintiff's medically determinable impairments did not meet or medically equal

an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1.  (Tr. 723.)

Before reaching step four and five of the sequential evaluation process, ALJ Kayser

assessed Plaintiff's residual functional capacity (hereinafter "RFC").  (Tr. 722-723.)  An

RFC is the assessment of a claimant's maximum remaining capacity to perform work related

activities despite the physical and mental limitations caused by the claimant's disability.  20

C.F.R. § 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567,

*20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708, *11

(6th Cir. Jan. 12, 2001).  In this case, ALJ Kayser assessed the following RFC:

> [Plaintiff] can do light work with these limitations:  he can stand or walk up
> to four hours per workday and sit six hours.  He requires a sit/stand option and
> cannot prolongedly [sic] stand or walk (in excess of 30 minutes at a time).  He
> requires use of a cane, cannot climb or balance, cannot work at heights or
> around vibration or industrial hazards.  He can stoop, bend, twist, crouch,
> climb or crawl only on a limited basis.  He has limited ability to push or pull
> using the upper extremities, he cannot use foot pedals or vibrating or jolting
> machinery.  He must have [no more] than limited exposure to dust, gases,
> fumes, temperature extremes, or excess humidity and requires low stress,
> entry-level work following simple repetitive procedures.  He cannot tolerate
> frequent changes in work routines, solve problems, or work independently.
> He requires limited interaction with the general public, co-workers or
> supervisors.  He cannot tolerate fast-paced assembly lines or rigid production
> schedules.  And, [in conformity with] the instant court re-remand, he is
> moderately restricted in any activities that require bending at the ankles.

(Tr. 722-723) (emphasis in original) (internal quotations and citations omitted).  ALJ Kayser

arrived at his RFC assessment by adopting the limitations found by ALJ Reynolds in

Administrative Decision III and adding the limitation on bending at the ankles.  (See Tr. 366-

367, 722-723.)

At the fourth step, ALJ Kayser found that Plaintiff was unable to perform his past relevant work, see 20 C.F.R. § 416.960(b)(1).  (Tr. 722.)  At the fifth and final step, relying on the testimony of the VE and taking into consideration Plaintiff's age, educational background, past relevant work experience, and RFC, ALJ Kayser found that Plaintiff was capable of making a successful adjustment to work existing in significant numbers in the national economy.  (Tr. 722-724.)  Accordingly, ALJ Kayser found Plaintiff not disabled at step five of the sequential evaluation process.  See 20 C.F.R. § 416.920(g).  On August 4, 2005, the Appeals Council declined to assume jurisdiction over Administrative Decision IV.  (Tr. 706-708.)  Plaintiff thereafter filed this action and the parties' motions for summary judgment (Record Nos. 11 & 12) are now ripe for review.

III. ANALYSIS

A.  General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence.  42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th  Cir. 1999).  The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

B.  Plaintiff's Contentions on Appeal

On appeal to this Court, Plaintiff advances two claims of error.  First, Plaintiff argues that ALJ Kayser erred in failing to accord proper weight to the opinion of Dr. Michael Witt, Plaintiff's treating physician.  Secondly, Plaintiff argues that ALJ Kayser failed to sustain his burden of establishing the existence of work existing in significant numbers in the

national economy that Plaintiff could perform.  For the reasons stated below, while Plaintiff's first argument lacks merit, Plaintiff's second argument identifies an error warranting reversal of Administrative Decision IV and remand to the Agency for further consideration.

### C.  Analysis of Plaintiff's Contentions

#### 1.  Treating Source Opinion

Plaintiff's first argument on appeal to this Court is that ALJ Kayser erred in failing to accord proper weight to the opinion of Dr. Witt, Plaintiff's treating physician.  For the reasons stated below, Plaintiff's argument is without merit.

Dr. Witt opined on numerous occasions that Plaintiff was disabled.  (<u>E.g.</u> Tr. 205-207, 220, 580.)  On August 4, 2000, Dr. Witt completed both a physical and mental assessment of Plaintiff's ability to perform work related activities.  (Tr. 683-688.)  The limitations contained therein were of greater severity, and as such more work prohibitive, than the limitations ALJ Kayser established in Administrative Decision IV.  (<u>See</u> Tr. 683-688, 722-723.)

The Regulations provide a framework for the evaluation of opinion evidence.  With regard to treating source opinion evidence, the applicable Regulation provides:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section,

as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.[2]

20 C.F.R. § 416.927(d)(2). Thus, although the opinion of a treating source is not necessarily binding, an ALJ is required to set forth some basis for the decision to reject a treating source opinion. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987); see also Hickey-Haynes, 2004 U.S. App. LEXIS 25567 at *9 (noting that in cases where the treating physician rule applies, a reviewing court must evaluate whether the ALJ's decision gave good reasons for failing to give controlling weight to a treating source opinion, as required by the governing Regulation).

In this case, ALJ Kayser properly considered and rejected Dr. Witt's opinion. ALJ Kayser provided good reasons for his decision to reject Dr. Witt's opinion by incorporating by reference ALJ Reynolds' reasoning in Administrative Decision III and this Court's Memorandum Opinion and Order partially affirming Administrative Decision III. In Administrative Decision III, ALJ Reynolds provided the following rationale for rejecting Dr. Witt's opinion:

> Dr. Witt has not provided laboratory or clinical findings to support his conclusion. Only conservative treatment was recommended. He opined that [Plaintiff] had severely restricted abilities even though [Plaintiff] was his mother's (a stoke victim) primary caregiver and that [Plaintiff] acknowledged

---

[2] When a treating source opinion receives less than controlling weight, the factors to be applied are: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) other factors tending to support or contradict an opinion. See 20 C.F.R. § 416.927(d)(2)-(6).

10

that he was extremely pleased with his pain medication which drops his pain level to about a four or five. Dr. Witt's medical opinion, while that of a treating source, is not supported by his own findings and further is inconsistent with other substantial evidence. Accordingly, it is not accepted as controlling or even persuasive.

(Tr. 364-365) (internal citations omitted). On appeal, this Court approved ALJ Reynolds'

evaluation of Dr. Witt's opinion. This Court stated as follows:

Dr. Michael Witt, a treating source, stated in September of 1996 that he did not think it likely that [Plaintiff] would recover sufficiently to have any functional ability. However, the doctor's opinion would not appear supported by sufficient objective medical evidence. Lumbosacral x-rays were normal in September of 1993. An MRI scan of the lumbar spine in April of 1994 revealed disc herniation at L4-L5, but no obvious nerve impingement. An MRI scan of the cervical spine was normal. Dr. Rutledge was aware of these test results and noted far less severe restrictions. Therefore, [ALJ Reynolds] could properly reject this opinion of Dr. Witt.

. . .

Furthermore, Dr. Witt is not a mental health professional and his opinion [regarding Plaintiff's mental limitations] was offset by that of [Dr.] Rigby.

Arrowood, 7-03cv242-GWU at 7-8 (internal citations omitted). Thus, as noted by ALJ

Reynolds in Administrative Decision III, and reiterated by this Court in the Memorandum

Opinion and Order partially affirming Administrative Decision III, Dr. Witt's opinion could

properly be discounted as unsupported by objective medical evidence, contrary to substantial

evidence in the record, and outside of Dr. Witt's area of expertise. By referencing

Administrative Decision III and this Court's Memorandum Opinion and Order, ALJ Kayser

satisfied his burden of providing a sufficient rationale for his decision to discount Dr. Witt's

opinion. See Kish v. Massanari, 2001 U.S. Dist. LEXIS 17003, *34-35 (E.D. Pa. Oct. 22,

2001) (the Court's initial concern that the administrative decision contained a conclusory

11

statement alleviated by the fact that the ALJ incorporated by reference a prior administrative decision that included extensive supporting analysis).  Accordingly, the ALJ did not err with regard to his treatment of Dr. Witt's opinion.

### 2.  Step Five of the Sequential Evaluation Process

Plaintiff's second argument on appeal to this Court is that ALJ Kayser failed to sustain his burden of establishing the existence of work found in significant numbers in the national economy that Plaintiff could perform.  For the reasons stated below, Plaintiff's argument is meritorious.  Thus, it shall be recommended that Administrative Decision IV be reversed.  The undersigned will not, however, recommend an award of benefits because all factual issues have not been resolved and the record does not clearly establish Plaintiff's entitlement to benefits.

At Step four of the sequential evaluation process, ALJ Kayser found that Plaintiff was unable to return to his past relevant work.  (Tr. 722.)  Thus, the evaluation proceeded to the fifth step where the burden shifted to Defendant Commissioner to demonstrate the existence of other employment existing in significant numbers in the national economy that Plaintiff was able to perform.  Grecol v. Halter, 2002 U.S. App. LEXIS 18156, *10 (6th Cir. Aug 29, 2002); Price v. Heckler, 767 F.2d 281, 284 (6th Cir. 1985); see also 20 C.F.R. § 416.920(g).

To sustain Defendant Commissioner's burden at step five, substantial evidence must support the finding that a claimant possesses the RFC and vocational qualifications to perform specific jobs.  See Tackett v. Sec'y of Health & Human Servs., 1987 U.S. App.

12

LEXIS 7597, *6 (6th Cir. June 16, 1987); Gray v. Finch, 427 F.2d 336, 338 (6th Cir. 1970). Although not per se required, the testimony of a VE is the preferred method of supporting a finding that a claimant is capable of making an adjustment to work found in significant numbers in the national economy.  See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043, *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538, *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978).

Plaintiff argues that the VE testimony in this case cannot serve as substantial evidence of non-disability because ALJ Kayser neglected to question the VE whether his testimony was consistent with the Dictionary of Occupational Titles (hereinafter "DOT").  Social Security Ruling 00-4p requires that occupational evidence provided by a VE be generally consistent with the occupational information supplied by the DOT.[3]  SSR No. 00-4p, 2000 SSR LEXIS 8, *4 (Soc. Sec. Admin. 2000).  The Ruling further states that:

> When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled.  At the hearings level, as part of the [ALJ's] duty to fully develop the record, the [ALJ] will inquire, on the record, as to whether or not there is such consistency.
>
> .      .      .

---

[3] Unlike Statutes and Regulations, Social Security Rulings do not have the force or effect of law.  Heckler v. Edwards, 465 U.S. 870, 874 (1984); Garcia v. Sec'y of Health & Human Servs., 46 F.3d 552, 557 (6th Cir. 1995).  However, Social Security Rulings are the Agency's official interpretation of the Regulations and are, therefore, entitled to substantial deference unless plainly erroneous or inconsistent with the Regulations.  See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 549 (6th Cir. 2004).

> When a VE . . . provides evidence about the requirements of a job or occupation, the [ALJ] has an affirmative responsibility to ask about any possible conflict between that VE . . . evidence and information provided in the DOT.

Id. at 4-5.

Plaintiff correctly notes that ALJ Kayser never questioned the VE, on the record, whether his testimony was consistent with the DOT.  (See Tr. 830-839.)  Plaintiff argues that ALJ Kayser's failure in this regard constitutes reversible error.  Defendant Commissioner, while acknowledging that ALJ Kayser violated Social Security Ruling 00-4p, submits that application of the harmless error doctrine is appropriate in this case.   Defendant Commissioner argues that Plaintiff was not prejudiced by the ALJ's failure to question the VE whether his testimony was consistent with the DOT because no apparent conflict existed between the VE's testimony and the DOT.

Taverbaugh v. Comm'r of Soc. Sec. appears to be the only decision from within the Sixth Circuit to address this issue squarely.  258 F. Supp. 2d 702 (E.D. Mich. 2003).  In Taverbaugh, the ALJ failed to question the VE regarding whether the jobs she identified as being consistent with the claimant's RFC conflicted with the DOT.  Id. at 705.  The Court noted that because the VE failed to provide the DOT code for the identified jobs, it was impossible for the claimant to determine, absent VE testimony on the issue, whether a conflict existed.   Id.  Due to the numerosity of occupational titles, comparison of the identified jobs and the DOT titles would have been impractical and imprecise.  Id. at 704-705.  Thus, the Court held that an ALJ's failure to inquire whether a conflict exists between

14

the VE's testimony and the DOT constitutes reversible error where the VE's testimony is the only evidence of non-disability at step five of the sequential evaluation process and there is no apparent means of otherwise determining whether the jobs identified are ones that the claimant can perform.  See id. at 705-706; but see Jackson v. Barnhart, 2005 U.S. App. LEXIS 326, *3-5 (3rd Cir. Jan. 6, 2005) (applying harmless error doctrine and adopting a narrow reading of Social Security Ruling 00-4p, requiring an ALJ to inquire into any conflict between VE testimony and the DOT only with regard to VE testimony about the requirements of a job or occupation); Buchholtz v. Barnhart, 2004 U.S. App. LEXIS 9385, *17-18 (7th Cir. May 12, 2004) (holding that a claim of error based on an ALJ's failure to reconcile VE testimony with the DOT is waived if the claimant's counsel fails to inquire into the matter on cross examination of the VE).

In this case, it is undisputed that ALJ Kayser failed to question the VE regarding whether the jobs he identified as being consistent with Plaintiff's RFC conflicted with the DOT.  (See Tr. 830-839.)  As in Taverbaugh, ALJ Kayser based his finding at step five of the sequential evaluation process solely on the testimony of the VE.  (See Tr. 722-724.) Furthermore, the VE in this case, as did the VE in Taverbaugh, did not provide the DOT codes for the jobs he identified as consistent with Plaintiff's RFC.  (See Tr. 830-839.)  Thus, there is no apparent means of determining whether the identified jobs are, in fact, consistent with the DOT.  Therefore, ALJ Kayser's failure to observe the requirements of Social Security Ruling 00-4p constitutes reversible error.

Although the undersigned recommends that Administrative Decision IV be reversed as unsupported by substantial evidence in the record, the proper disposition of this appeal is remand to the Agency for further consideration, not, as Plaintiff argues, an award of benefits.  Upon judicial review, reversal and remand to the Agency for further consideration is the most common disposition of an administrative decision that is not supported by substantial evidence in the record.  A District Court can reverse a decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes the claimant's entitlement to benefits.  <u>Faucher v. Sec'y of Health & Human Servs.</u>, 17 F.3d 171, 176 (6th Cir. 1994).

In this case, the factual issue of whether the VE's testimony was consistent with the DOT remains unresolved.  Moreover, the record does not clearly establish that Plaintiff was disabled during the relevant period of January 5, 2000, through October 31, 2000.  Accordingly, the appropriate disposition of this appeal is reversal and remand to the Agency for further consideration.

## IV.  CONCLUSION

Therefore, for the reasons set forth above, it is recommended that:  Plaintiff's motion for summary judgment (Record No. 11) be granted; Defendant Commissioner's motion for summary judgment (Record No. 12) be denied; Judgment be entered reversing the Commissioner's final decision and remanding this action for further consideration and with instructions that the requirements of Social Security Ruling 00-4p be observed; and, that this

16

action be stricken from the Court's docket.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 26, 2006.



Signed By:

*Peggy E. Patterson*

United States Magistrate Judge

Date of Entry and Service:

17